# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASATCH POOL HOLDINGS, INC., | Case No. 1:15-cv-00776-TLN-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE REMANDED TO STATE COURT |
| v. | |
| MARIO BAILEY, | OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS |
| Defendant. | |

On May 22, 2015, Defendant Mario Bailey ("Defendant") filed the notice of removal in this action. (ECF No. 1.) Plaintiff Wasatch Pool Holdings, Inc. ("Plaintiff") filed the original complaint in the Superior Court of California for the County of Fresno. The original complaint raised a cause of action for unlawful detainer against Defendant. Defendant removed the action to this Court and contend that jurisdiction exists under 28 U.S.C. § 1331.

For the reasons set forth below, the Court finds that jurisdiction does not exist over this action and recommends that the action be remanded back to state court.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.

## SUA SPONTE ASSESSMENT OF JURISDICTION

District courts may dismiss a claim sua sponte[1] under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion.[2] Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). Moreover, district courts have authority to dismiss actions sua sponte for lack of jurisdiction. Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1342 (9th Cir. 1981). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" and are "obviously frivolous." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted).

## II.

## DISCUSSION

Defendant contends jurisdiction exists under 28 U.S.C. § 1331. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002). "[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (italics in original). Federal question jurisdictions cannot be premised on federal issues raised in a defendant's answer or counterclaim. Id.

/ / /

---

[1] On May 26, 2015, contemporaneously with the Court's preparation of these Findings and Recommendations, Plaintiff filed a motion to remand. The Court will keep the motion and hearing date on calendar for now to decide the issue of attorney's fees.

[2] Through these Findings and Recommendations, the Court gives Defendant notice of its intention to remand. Defendant has an opportunity to submit a written memorandum in opposition by filing objections to these Findings and Recommendations.

"The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Moreover, "[i]t is a 'long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986)).

Plaintiff's complaint for unlawful detainer is devoid of any federal issues. See First Northern Bank of Dixon v. Hatanaka, No. 2:11-cv-02976 MCE KJN PS, 2011 WL 6328713, at *3 (E.D. Cal. Dec. 16, 2011) ("Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint.").

Defendant contends that federal question jurisdiction is proper based on issues arising under the Fair Housing Act, 42 U.S.C. § 3604. Defendant contends that he did not pay rent owed to Plaintiff because Plaintiff discriminated against Defendant by refusing Defendant's requests for reasonable modification of the leased premises and due to the existence of several code violations.

Even if these allegations were true, they are issues that were not raised in Plaintiff's complaint. Accordingly, Defendant's arguments are best characterized as defenses or counterclaims, and therefore cannot serve as the basis of federal question jurisdiction. The Court finds that removal was improper because this Court lacks jurisdiction over this action and that this action should be remanded to state court.

### III.

### CONCLUSION AND RECOMMENDATION

The Court finds that it lacks jurisdiction over this action. Accordingly, it is HEREBY RECOMMENDED that this matter be REMANDED to the Superior Court of California for the County of Fresno.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-

one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 27, 2015**

UNITED STATES MAGISTRATE JUDGE